# SETTLEMENT AGREEMENT AND RELEASE

*Leon Chambers v. Together Credit Union f/k/a Anheuser-Busch Employees' Credit Union d/b/a American Eagle Credit Union,*

**United States District Court for the Southern District of Illinois**

**Case No. 3:19-cv-00842-SPM**

## PREAMBLE

This Settlement Agreement and Release (the "Agreement") is entered into by and among plaintiff Leon Chambers ("Named Plaintiff") and all those on whose behalf he is prosecuting this action (each of them a "Plaintiff" and all of them "Plaintiffs"), on the one hand, and defendant Together Credit Union f/k/a Anheuser-Busch Employees' Credit Union ("Defendant"), on the other hand, as of the date executed below.  All references in this Agreement to a "party" or the "parties" shall refer to a party or the parties to this Agreement.

## RECITALS

A.     On August 2, 2019, Named Plaintiff filed a putative class action complaint in the United States District Court for the Southern District of Illinois entitled *Leon Chambers v. Anheuser-Busch Employees' Credit Union d/b/a American Eagle Credit Union*, USDC Case No. 3:19-cv-00842-SPM, alleging claims on behalf of a class for breach of the Account Agreement, breach of the implied covenant of good faith and fair dealing, and unjust enrichment/restitution.

B.     On October 7, 2019, Defendant filed a Motion to Dismiss the Complaint.

C.     On November 6, 2019, Named Plaintiff filed his response to Defendant's Motion to Dismiss.

D.     The parties directly negotiated the terms of the Settlement over the course of several months.

E.     Defendant has entered into this Agreement to resolve any and all controversies and disputes arising out of or relating to the allegations made in the Complaint, and to avoid the burden, risk, uncertainty, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to or concede any of the allegations made in the Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement.

F.     Named Plaintiff has entered into this Agreement to liquidate and recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation.  Named Plaintiff does not in any way concede the claims alleged in the Complaint lack merit or are subject to any defenses.

## AGREEMENT

**NOW**, **THEREFORE**, in consideration of the foregoing recitals, which are incorporated into and are an integral part of this Agreement, and in consideration of the mutual promises below, the parties agree as follows:

1. <u>**DEFINITIONS.**</u> In addition to the definitions contained elsewhere in this Agreement, the following definitions shall apply:

(a) "Bar Date to Object" shall be the date set by the Court as the deadline for Class Members to file an Objection, and shall be thirty (30) days after the date the Notice (defined below) must be delivered to the Class Members.

(b) "Bar Date to Opt Out" shall be the date set by the Court as the deadline for Class Members to opt out. The Bar Date shall be thirty (30) days after the date the Notice (defined below) must be delivered to the Class Members.

(c) "Class Counsel" shall mean Lynn A. Toops of Cohen & Malad, LLP, J. Gerard Stranch, IV of Branstetter Stranch & Jennings, PLLC, Christopher D. Jennings of The Johnson Firm, and James J. Rosemergy of Carey Danis & Lowe.

(d) "Class Member(s)" shall mean any member of Defendant who is in the Multiple NSF Fee Class.

(e) "Complaint" shall mean the Complaint filed in this case on August 2, 2019.

(f) "Court" shall mean the United States District Court for the Southern District of Illinois.

(g) "Defendant's Counsel" shall mean Thomas M. Martin of Lewis Rice LLC and Joseph E. Bant of Lewis Rice LLC.

(h) "Effective Date" shall be thirty (30) days after the entry of the Final Approval Order (defined below) provided no objections are made to this Agreement. If there are objections to the Agreement, then the Effective Date shall be the later of: (1) thirty (30) days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (2) if appeals are taken from the Final Approval Order, then thirty (30) days after an Appellate Court ruling affirming the Final Approval Order; or (3) thirty (30) days after entry of a dismissal of the appeal.

(i) "Exclusion Letter" shall mean a letter by a Class Member who elects to opt out of this Agreement.

(j) "Final Approval Hearing Date" shall be the date set by the Court for the hearing on any and all motions for final approval of this Agreement.

(k) "Final Approval Order" shall mean the Order and Judgment approving this Agreement issued by the Court at or after the Final Approval Hearing Date.

(l) "Final Report" shall mean the report prepared by the Settlement Administrator of all receipts and disbursements from the Settlement Fund, as described in Section 7, below.

(m)    "Long Form Notice" shall mean the long form notice to Class Members attached hereto as **Exhibit 1**.  The Long Form Notice will be posted to the Settlement Website.

(n)    "Motion for Final Approval" shall mean the motion or motions filed by Class Counsel, as referenced in Section 5, below, which shall be filed forty-five (45) days after the date the Notice (defined below) must be delivered to Class Members.

(o)    "Motion for Award of Fees, Costs, and Service Award" shall mean the motion or motions filed by Class Counsel, as referenced in Section 5 below, which shall be filed fifteen (15) days after the date the Notice (defined below) must be delivered to Class Members.

(p)    "Multiple NSF Fee Class" shall mean those members of Defendant who were assessed Multiple NSF Fees.

(q)    "Multiple NSF Fees" shall mean nonsufficient funds fees that were assessed and not refunded from January 2, 2015 to August 1, 2019 for ACH and check transactions that had been re-submitted by a merchant after being rejected for insufficient funds.

(r)    "Net Settlement Fund" shall mean the net amount of the Settlement Fund after payment of court approved attorneys' fees and costs, the costs of notice, administration, and expert fees, any service award allowed by the Court, and any fees paid to the Settlement Administrator.

(s)    "Notice" shall mean a short form of the Notice that shall be sent by email to Class Members who agreed to receive account notices by email and that shall be sent by mail to Class Members who did not agree to receive account notices by email in the form attached as **Exhibit 2**.

(t)    "Preliminary Approval/Notice Order" shall mean the Order issued by the Court preliminarily approving this Agreement and authorizing the sending of the Notice to Class Members, as provided in Sections 3 and 4, below.

(u)    "Settlement Administrator" shall mean the entity that will provide the notice and other administrative handling of this Settlement Agreement.

(v)    "Settlement Fund" shall mean the amount of five hundred and twenty five thousand dollars ($525,000.00), to be paid by Defendant under the terms of this Agreement, plus any interest that accrues on such amount after it is paid to the Settlement Administrator.

2.    **CLASS ACTION SETTLEMENT**. Plaintiff shall propose and recommend to the Court that the Multiple NSF Fee Class shall be certified for purposes of implementing the terms of the settlement provided for in this Agreement.  Defendant agrees solely for purposes of the settlement provided for in this Agreement, and the implementation of such settlement, that this case shall proceed as a class action; provided, however, that if a Final Approval Order is not issued or if the settlement otherwise fails to become effective, then Defendant shall retain all rights to object to maintaining this case as a class action. Plaintiff and Class Counsel shall not reference this Agreement in support of any subsequent motion relating to certification of a liability class.

3.    **PRELIMINARY SETTLEMENT APPROVAL**. Class Counsel shall use reasonable efforts to promptly file a motion seeking a Preliminary Approval/Notice Order. The Preliminary Approval/Notice Order shall provide for: preliminary approval of this Agreement, provisional certification of the class for settlement purposes, appointment of Class Counsel as counsel to the provisionally certified class, and the requirement that the Notice be given to the Class Members as provided in Section 4, below (or as otherwise determined by the Court).

4.    **NOTICE TO THE CLASS.**

(a)    The Settlement Administrator shall send the Notice, as applicable, to all Class Members as specified by the Court in the Preliminary Approval/Notice Order.

(b)    For those Class Members who are current members of Defendant and have agreed to receive notices regarding their accounts from Defendant electronically, Defendant shall provide the Settlement Administrator with the most recent email addresses it has for these Class Members. The Settlement Administrator shall email the Notice to each such Class Member's last known email address, in a manner that is calculated to avoid being caught and excluded by spam filters or other devices intended to block mass email. For any emails that are returned undeliverable, the Settlement Administrator shall use the best available databases to obtain current email address information for class members, update its database with these emails, and resend the Notice. The Notice shall inform Class Members how they may request a copy of the Long Form Notice.

(c)    For those Class Members who are not current members of Defendant or who have not agreed to receive electronic notices regarding their accounts from Defendant, the Notice shall be mailed to these Class Members by first class United States mail to the best available mailing addresses. Defendant shall provide the Settlement Administrator with last known mailing addresses for these Class Members. The Settlement Administrator will run the names and addresses through the National Change of Address Registry and update as appropriate. If a mailed Notice is returned with forwarding address information, the Settlement Administrator shall re-mail the Notice to the forwarding address. For all mailed Notices that are returned as undeliverable, the Settlement Administrator shall use standard skip tracing devices to obtain forwarding address information and, if the skip tracing yields a different forwarding address, the Settlement Administrator shall re-mail the Notice to the address identified in the skip trace, as soon as reasonably practicable after the receipt of the returned mail.

(d)    The Long Form Notice shall be posted on the settlement website created by the Settlement Administrator.

(e)    The Settlement Administrator shall maintain a database showing mail and email addresses to which each Notice was sent and any Notices that were not delivered by mail and/or email. A summary report of the Notice shall be provided to the Parties at least five (5) days prior to the deadline to file the Motion for Final Approval. The database maintained by the Settlement Administrator regarding the Notice shall be available to the parties and the Court upon request. It shall otherwise be confidential and shall not be disclosed to any third party. To the extent the database is provided to Class Counsel, it shall be used only for purposes of implementing the terms of this Agreement, and shall not be used for any other purposes.

4

(f)     The Notice shall be in a form approved by the Court and, substantially similar to the notice forms attached hereto as Exhibits 1 and 2. The parties may by mutual written consent make non-substantive changes to the Notices without Court approval.

(g)     All costs associated with publishing, mailing and administering the Notice as provided for in this Section, and all costs of administration including, but not limited to, the Settlement Administrator's fees and costs shall be paid out of the Settlement Fund.

**5.     MOTION FOR FINAL APPROVAL AND MOTION FOR FEES, COSTS, AND SERVICE AWARD**. Fifteen (15) days after the Bar Date to Opt Out and the Bar Date to Object, and provided the conditions in Section 13, below, are satisfied, Class Counsel shall file a Motion for Final Approval of this Agreement so that same can be heard on the Final Approval Hearing Date. Fifteen (15) days after the Notice is sent to Class Members, Class Counsel shall file a Motion for Fees, Costs, and Service Award that shall also be posted to the settlement website.

**6.     ENTRY OF JUDGMENT**. The Final Approval Order shall constitute the Court's final judgment in this action. The Court shall retain jurisdiction to enforce the terms of the Final Approval Order.

**7.     THE SETTLEMENT FUND AND DISTRIBUTION.**

(a)     Payments to Class Members. Within thirty (30) days after entry of the Preliminary Approval/Notice Order, Defendant shall transfer the Settlement Fund to the Settlement Administrator, less the total amount that will be credited to Class Members by Defendant, as provided in subsection 7(d)(v), below. The Settlement Fund shall be the total amount Defendant is obligated to pay under the terms of this Agreement and includes (a) Class Counsels' fees and costs; (b) any service award payment to the Named Plaintiff; (c) costs associated with administering the Notice in accordance with Section 4, above; and (d) any fees paid to the Settlement Administrator for services rendered in connection with the administration process. Defendant shall not make any additional or further contributions to the Settlement Fund, even if the total amount of all alleged improper fees charged to the Class Members exceeds the value of the Net Settlement Fund. In the event a Final Approval Order is not issued, or this Agreement is terminated by either party for any reason, including pursuant to Section 13, below, or fails to become effective for any other reason, the portion of the Settlement Fund paid to the Settlement Administrator (including accrued interest, if any), shall be refunded to Defendant within two (2) business days.  If the Defendant terminates this Agreement pursuant to Section 13(c), the Settlement Administrator shall deduct actual expenses incurred by the Settlement Administrator and any expert fees before any refund.  No deduction of Settlement Administrator fees shall occur if this Agreement is terminated after the preliminary hearing by order of the court, provided that such court order termination is related to class counsel attorneys' fees or service fee awards.

(b)     All funds held by the Settlement Administrator shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until distributed pursuant to this Agreement.

(c)     All funds held by the Settlement Administrator at any time shall be deemed to be a Qualified Settlement Fund as described in Treasury Regulation §1.468B-1, 26 C.F.R. §1.468B-1.

(d)     Payments shall be made from the Settlement Fund as follows:

(i)     Plaintiffs' Fees and Costs. Plaintiffs' reasonable attorneys' fees and costs, as determined and approved by the Court, shall be paid from the Settlement Fund ten (10) days after entry of the Final Approval Order. Class Counsel shall apply for an award of attorneys' fees of up to one-third (33-1/3%) of the Settlement Fund, plus reimbursement of reasonable litigation costs, to be approved by the Court. Defendant agrees not to oppose an application for attorneys' fees of up to one-third (33-1/3%) of the Settlement Fund, but reserves the right to oppose an application for fees in excess of that amount. Should the judgment approving the settlement be reversed on appeal, Class Counsel shall immediately repay all fees and costs to Defendant; should the award of fees and costs be reduced on appeal, Class Counsel shall immediately repay into the Settlement Fund an amount equal to the reduction ordered by the appellate court.

(ii)     Service Award. Subject to Court approval, Named Plaintiff shall be entitled to receive a service award of up to seven thousand five hundred dollars ($7,500) for his role as the Named Plaintiff.

(iii)     Settlement Administrator's Fees. The Settlement Administrator's fees and costs, including estimated fees and costs to fully implement the terms of this Agreement, as approved by the Court, shall be paid within ten (10) days after the Effective Date.

(iv)     Expert Fees. The costs necessary to have an expert determine class membership and class member payouts shall be paid from the Settlement Fund, not to exceed $10,000.

(v)     Payments to Class Members.  To determine the payment amount to class members, Defendant will determine the total amount of Multiple NSF Fees charged to the Multiple NSF Fee Class. The Net Settlement Fund will then be distributed pro rata to each member of the Multiple NSF Fee Class based upon the amount of Multiple NSF Fees charged to that member, provided however that any payment to a current member of Defendant shall be reduced by any offsets currently owed to Defendant by that member. Payments to current members of the Defendant will be made by credit to the member's account; payments to former members of the Defendant will be made by check to the member's last known address.

(vi)     In no event shall any portion of the Settlement Fund revert to Defendant.

8.    **THE SETTLEMENT ADMINISTRATOR**.

(a)    The Settlement Administrator shall execute a retainer agreement that shall provide, among other things, that the Settlement Administrator shall be bound by and shall perform the obligations imposed on it under the terms of this Agreement. The retainer agreement shall include provisions requiring that all Class Member data shall be strictly confidential and secured by the Settlement Administrator by means of data security measures that meet the requirements of 12 CFR § 748, and appendices thereto, and shall not be disclosed other than as provided for under the terms of this Agreement or as ordered by the Court.

(b)    The Settlement Administrator shall be subject to the jurisdiction of the Court with respect to the administration of this Agreement.

(c)    The Settlement Administrator shall keep all information regarding Class Members confidential except as otherwise provided herein. All data created and/or obtained and maintained by the Settlement Administrator pursuant to this Agreement shall be destroyed twelve (12) months after the Final Report is submitted to the Court, provided that Class Counsel and Defendant's Counsel, or either of them, at their own cost, shall receive a complete copy of the Settlement Administrator's records, together with a declaration establishing completeness and authenticity, which they may maintain consistent with their own document retention policies. To the extent Class Counsel receives a copy of the class list, it shall be subject to the protective order issued in this case and shall not be used for any purposes other than the implementation of this Agreement.

(d)    The Settlement Administrator also shall be responsible for timely and properly filing all tax returns necessary or advisable, if any, with respect to the Settlement Fund. Except as provided herein, Class Members shall be responsible for their own tax reporting of payments or credits received under the terms of this Agreement.

(e)    The Settlement Administrator shall provide the data in its administration database to Defendant's Counsel and/or Class Counsel in response to any written request, including an email request. The written request shall be copied to the other party when made. Such information shall be used only for purposes of the implementation of this Agreement.

(f)    The Settlement Administrator shall provide notice of the settlement provided for in this Agreement as required under the Class Action Fairness Act, 28 U.S.C § 1715.

9.    **CY PRES PAYMENT.** One hundred fifty (150) days after the date checks are mailed under Section 7(d)(v) above, the total amount of uncashed checks and residual amounts held by the Settlement Administrator shall be paid to Together Foundation as the cy pres recipient agreed to by the parties.

10.    **OPT-OUTS.**

(a)    A Class Member who wishes to exclude himself or herself from this Agreement, and from the release of claims and defenses provided for under the terms of this Agreement, shall submit an Exclusion Letter by mail to the Settlement Administrator. For an

7

Exclusion Letter to be valid, it must be postmarked on or before the Bar Date to Opt Out. Any Exclusion Letter shall identify the Class Member, state that the Class Member wishes to exclude himself or herself from the Agreement, and shall be signed and dated.

(b)    The Settlement Administrator shall maintain a list of persons who have excluded themselves and shall provide such list to Defendant's Counsel and Class Counsel at least five (5) days prior to the date Class Counsel is required to file the Motion for Final Approval. The Settlement Administrator shall retain the originals of all Exclusion Letters (including the envelopes with the postmarks). The Settlement Administrator shall make the original Exclusion Letters available to Class Counsel, Defendant's Counsel and/or the Court upon two (2) court days' written notice.

11.    **OBJECTIONS.**

(a)    Any Class Member, other than a Class Member who timely submits an Exclusion Letter, may object to this Agreement.

(b)    To be valid and considered by the Court, the objection must be in writing and sent by first class mail, postage pre-paid, to the Settlement Administrator. The objection must be postmarked on or before the Bar Date to Object, and must include the following information:

(i)    The objector's name, address, telephone number, the last four digits of his or her member number or former member number, and the contact information for any attorney retained by the objector in connection with the objection or otherwise in connection with this case;

(ii)    A statement of the factual and legal basis for each objection and any exhibits the objector wishes the Court to consider in connection with the objection; and

(iii)    A statement as to whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying the counsel by name, address, and telephone number.

(c)    Class Counsel shall file any objections and responsive pleadings at least seven (7) days prior to the Final Approval Hearing Date.

12.    **GENERAL RELEASE.** Except as to the rights and obligations provided for under the terms of this Agreement, Named Plaintiff, on behalf of himself and each of the Class Members, hereby releases and forever discharges Defendant, and all of its past, present and future predecessors, successors, parents, subsidiaries, divisions, employees, affiliates, assigns, officers, directors, shareholders, representatives, attorneys, insurers and agents (collectively, the "Defendant Releasees") from any and all losses, fees, charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, which Named Plaintiff and the Class Members who do not opt out now have, own or hold against any of the Defendant Releasees that arise out of and/or relate

to the facts and claims alleged in the Complaint, and any other claims relating to any Multiple NSF Fees assessed against said Class Members.

13.    **CONDITIONS TO SETTLEMENT**.

(a)    This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

(i)    The Court has entered the Preliminary Approval/Notice Order, as required by Section 3 above;

(ii)    The Court has entered the Final Approval Order as required by Sections 5 and 6 above, and all objections, if any, to such Order are overruled, and all appeals taken from such Order are resolved in favor of approval; and

(iii)    The Effective Date has occurred; and;

(iv)    Plaintiff's counsel shall have reviewed the Membership Agreement provisions relating to overdrafts, debt and checks and shall advise Defendant's counsel in writing of any items which Plaintiff's counsel believes should be improved. If no items need improved, Plaintiff's counsel shall so state.

(b)    If all of the conditions specified in Section 13(a) are not met, then this Agreement shall be cancelled and terminated.

(c)    Defendant shall have the option to either (i) terminate this Agreement; or, (ii) reduce the Settlement Fund by the percentage of Class Members who opt out if five percent (5%) or more of the Class Members opt out. Defendant shall notify Class Counsel and the Court of its intent to terminate or reduce the Settlement Fund payment provided for under this Agreement pursuant to this Section 13 within ten (10) business days after the Bar Date to Opt Out, or the option to terminate shall be considered waived.

(d)    In the event this Agreement is terminated, pursuant to Section 13(c) immediately above, or fails to become effective in accordance with Sections 13(a) and/or (b) immediately above, then the parties shall be restored to their respective positions in this case as they existed as of the date of the execution of this Agreement. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

14.    **REPRESENTATIONS**.

(a)    The parties to this Agreement represent that they have each read this Agreement and are fully aware of and understand all of its terms and the legal consequences thereof. The parties represent that they have consulted or have had the opportunity to consult with and have received or have had the opportunity to receive advice from legal counsel in connection with their review and execution of this Agreement.

9

(b)    The parties have not relied on any representations, promises, or agreements other than those expressly set forth in this Agreement.

(c)    The Named Plaintiff, on behalf of the Class Members, represents that he has made such inquiry into the terms and conditions of this Agreement as he deems appropriate, and that by executing this Agreement, he, based on Class Counsel's advice, and his understanding of the case, believes the Agreement and all the terms and conditions set forth herein, are fair and reasonable to all Class Members.

(d)    The Named Plaintiff represents that he has no knowledge of conflicts or other personal interests that would in any way impact his representation of the class in connection with the execution of this Agreement.

(e)    Defendant represents and warrants that it has all necessary corporate authority to execute this Agreement.

15.    **FURTHER ASSURANCES**. Each of the parties hereto agrees to execute and deliver all such further documents consistent with this Agreement, and to take all such further actions consistent with this Agreement, as may be required in order to carry the provisions of this Agreement into effect, subject to Class Counsel's obligation to protect the interests of the Class Members.

16.    **APPLICABLE LAW**. This Agreement shall be governed by and interpreted, construed, and enforced pursuant to the laws of the State of Missouri.

17.    **NO ORAL WAIVER OR MODIFICATION**. No waiver or modification of any provision of this Agreement or of any breach thereof shall constitute a waiver or modification of any other provision or breach, whether or not similar. Nor shall any actual waiver or modification constitute a continuing waiver. No waiver or modification shall be binding unless executed in writing by the party making the waiver or modification.

18.    **ENTIRE AGREEMENT**. This Agreement, including the exhibit attached hereto, constitutes the entire agreement made by and between the parties pertaining to the subject matter hereof, and fully supersedes any and all prior or contemporaneous understandings, representations, warranties, and agreements made by the parties hereto or their representatives pertaining to the subject matter hereof.

19.    **BINDING ON SUCCESSORS**. This Agreement shall inure to the benefit of, and shall bind, each of the parties hereto and their successors.

20.    **SEVERABILITY**. In the event any one or more of the provisions of this Agreement is determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained in this Agreement will not in any way be affected or impaired thereby.

21.    **COUNTERPARTS AND FACSIMILE SIGNATURES.** This Agreement may be executed and delivered in separate counterparts, each of which, when so executed and delivered,

10

shall be an original, but such counterparts together shall constitute but one and the same instrument and agreement. Facsimile and pdf signature pages shall have the same force and effect as original signatures.

      **22.**    **MEDIA**. The parties will agree to a statement that may be given to the press or to any other person relating to this Agreement. The parties agree to limit their out-of-court statements to the agreed statement.

      **23.**    **NOTIFICATION**. Any notice to be given to Class Counsel and/or Named Plaintiff shall be sent by email as follows:

> J. Gerard Stranch, IV
> Martin F. Schubert
> Branstetter, Stranch and Jennings, PLLC
> 223 Rosa L Parks Blvd.
> Suite 200
> Nashville, TN 37203
> (615) 254-8801
> gerards@bsjfirm.com
> martys@bsjfirm.com
>
> - And —
>
> James J. Rosemergy
> John F. Garvey
> CAREY DANIS & LOWE
> 8235 Forsyth, Suite 1100
> St. Louis, MO 63105
> Telephone: 314-725-7700
> Facsimile: 314-678-3401
> jrosemergy@careydanis.com
> jgarvey@careydanis.com
>
> - And —
>
> Lynn A. Toops
> Vess A. Miller
> Cohen & Malad, LLP
> One Indiana Square
> Suite 1400
> Indianapolis, IN 46204
> 317-636-6481
> Fax: 317-636-2593
> vmiller@cohenandmalad.com
> ltoops@cohenandmalad.com
>
> - And —

Christopher D. Jennings
THE JOHNSON FIRM
610 President Clinton Avenue, Suite 300
Little Rock, AR 72202
Telephone: (501) 372-1300
chris@yourattorney.com

Any notice to be given to Defendant under the terms of this Agreement shall be sent by email as follows:

Joseph Bant
Thomas Marvin Martin
Lewis Rice LLC-KCMO
One Petticoat Lane
1010 Walnut
Suite 500
Kansas City, MO 64106-2141
(816) 421-2500
Fax: (816) 472-2500
jebant@lewisricekc.com
tmmartin@lewisricekc.com

Any notice to the Settlement Administrator shall be sent by email to the address of the claims administrator, which will be determined by the lowest bid for services.

IN WITNESS WHEREOF, the parties have entered this Agreement as of the dates set forth below.

Dated: January 7ᵗʰ, 2021          Together Credit Union f/k/a Anheuser Busch Employees'
                                   Credit Union

                                   By: _____

                                   Its: _____C F O_____


Dated: January __, 2021          Leon Chambers, an individual on behalf
                                        of himself and those he represents


                                   By:_____
                                        Leon Chambers


[Remainder of Page Intentionally Left Blank]

12

Christopher D. Jennings
THE JOHNSON FIRM
610 President Clinton Avenue, Suite 300
Little Rock, AR 72202
Telephone: (501) 372-1300
chris@yourattorney.com

Any notice to be given to Defendant under the terms of this Agreement shall be sent by email as follows:

Joseph Bant
Thomas Marvin Martin
Lewis Rice LLC-KCMO
One Petticoat Lane
1010 Walnut
Suite 500
Kansas City, MO 64106-2141
(816) 421-2500
Fax: (816) 472-2500
jebant@lewisricekc.com
tmmartin@lewisricekc.com

Any notice to the Settlement Administrator shall be sent by email to the address of the claims administrator, which will be determined by the lowest bid for services.

IN WITNESS WHEREOF, the parties have entered this Agreement as of the dates set forth below.

Dated: January ___, 2021          Together Credit Union f/k/a Anheuser Busch Employees' Credit Union

                                  By:_____

                                  Its:_____


Dated: January ___, 2021          Leon Chambers, an individual on behalf
           1/8/2021                of himself and those he represents

                                  By:_____
                                  Leon Chambers
                                  3ECC5478819F4AA...
                                  Leon Chambers

[Remainder of Page Intentionally Left Blank]

12

**APPROVED AS TO FORM:**

Dated: January 7, 2021

LEWIS RICE LLC
Joseph Bant
Thomas Marvin Martin

By:_____

Attorneys for Defendant


Dated: January __, 2021

BRANSTETTER, STRANCH AND JENNINGS, PLLC
J Gerard Stranch, IV
Martin F. Schubert, I

CAREY DANIS & LOWE
James J. Rosemergy
John F. Garvey

COHEN & MALAD LLP
Lynn A. Toops
Vess A. Miller

THE JOHNSON FIRM
Christopher D. Jennings


By:_____
  _____

Attorneys for Named Plaintiff Leon Chambers

DocuSign Envelope ID: 4655D25F-A8FD-4A54-8818-093857308EC0

**APPROVED AS TO FORM:**

Dated:  January __, 2021          LEWIS RICE LLC
                                 Joseph Bant
                                 Thomas Marvin Martin

                                 By:_____

                                 Attorneys for Defendant


Dated:  January _8_, 2021         BRANSTETTER, STRANCH AND JENNINGS, PLLC
                                 J Gerard Stranch, IV
                                 Martin F. Schubert, I

                                 CAREY DANIS & LOWE
                                 James J. Rosemergy
                                 John F. Garvey

                                 COHEN & MALAD LLP
                                 Lynn A. Toops
                                 Vess A. Miller

                                 THE JOHNSON FIRM
                                 Christopher D. Jennings


                                 By: _Lynn Toops_____
                                      Lynn A. Toops
                                 Attorneys for Named Plaintiff Leon Chambers

13

# Exhibit 1

Leon Chambers
v.
Together Credit Union f/k/a Anheuser-Busch Employees' Credit Union d/b/a American Eagle Credit Union

## NOTICE OF PENDING CLASS ACTION AND PROPOSED SETTLEMENT

**READ THIS NOTICE FULLY AND CAREFULLY; THE PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS!**

**IF YOU HAVE OR HAD A CHECKING ACCOUNT WITH TOGETHER CREDIT UNION F/K/A ANHEUSER-BUSCH EMPLOYEES' CREDIT UNION D/B/A AMERICAN EAGLE CREDIT UNION ("DEFENDANT") AND YOU WERE CHARGED A NON-SUFFCIENT FUNDS FEE BETWEEN JANUARY 2, 2015 AND AUGUST 1, 2019, THEN YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT**

The District Court for the Southern District of Illinois has authorized this Notice; it is not a solicitation from a lawyer.

| SUMMARY OF YOUR OPTIONS AND THE LEGAL EFFECT OF EACH OPTION | |
|---|---|
| **DO NOTHING** | If you don't do anything, you will receive a payment from the Settlement Fund so long as you do not opt out of or exclude yourself from the settlement (described in the next box). |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT; RECEIVE NO PAYMENT BUT RELEASE NO CLAIMS** | You can choose to exclude yourself from the settlement or "opt out." This means you choose not to participate in the settlement. You will keep your individual claims against Defendant but you will not receive a payment. If you exclude yourself from the settlement but want to recover against Defendant, you will have to file a separate lawsuit or claim. |
| **OBJECT TO THE SETTLEMENT** | You can file an objection with the Court explaining why you believe the Court should reject the settlement. If your objection is overruled by the Court, then you will receive a payment and you will not be able to sue Defendant for the claims asserted in this litigation. If the Court agrees with your objection, then the settlement may not be approved. |

1

These rights and options – ***and the deadlines to exercise them*** – along with the material terms of the settlement are explained in this Notice.

## BASIC INFORMATION

| **1.** | **What is this lawsuit about?** |
|---|---|

The lawsuit that is being settled is entitled *Leon Chambers v. Together Credit Union f/k/a Anheuser-Busch Employees' Credit Union d/b/a American Eagle Credit Union* in the United States District Court for the Southern District of Illinois, Case No. 3:19-cv-00842. The case is a "class action." That means that the "Named Plaintiff," Leon Chambers, is an individual who is acting on behalf of the class. The class is defined as all members of Defendant who were assessed a multiple NSF fee, which means a nonsufficient funds fee, that was assessed and not refunded from January 2, 2015 to August 1, 2019 for ACH and check transactions that had been re-submitted by a merchant after being rejected for insufficient funds.

The Named Plaintiff claims Defendant improperly assessed multiple NSF fees on a single item. The Complaint alleges claims for breach of the Account Agreement, breach of the implied covenant of good faith and fair dealing, and unjust enrichment/restitution. The Named Plaintiff is seeking a refund of alleged improper fees charged to Class Member accounts. Defendant does not deny it charged these fees but contends it did so properly and in accordance with the terms of its agreements and applicable law. Defendant maintains that its practices were and now are proper and properly disclosed to its members, and therefore denies that its practices give rise to claims for damages by the Named Plaintiff or any Class Member.

| **2.** | **Why did I receive this Notice of this lawsuit?** |
|---|---|

You received this Notice because Defendant's records indicate that you were charged one or more of the fees that are the subject of this action. The Court directed that this Notice be sent to all Class Members because each Class Member has a right to know about the proposed settlement and the options available to him or her before the Court decides whether to approve the settlement.

| **3.** | **Why did the parties settle?** |
|---|---|

In any lawsuit, there are risks and potential benefits that come with a trial versus settling at an earlier stage. It is the Named Plaintiff's and his lawyers' job to identify when a proposed settlement offer is good enough that it justifies recommending settling the case instead of continuing to trial. In a class action, the Named Plaintiff's lawyers, known as Class Counsel, make this recommendation to the Named Plaintiff. The Named Plaintiff has the duty to act in the best interests of the class as a whole and, in this case, it is his belief, as well as Class Counsel's opinion, that this settlement is in the best interest of all Class Members.

There is legal uncertainty about whether a judge or a jury will find that Defendant was contractually and otherwise legally obligated not to assess the fees that are being challenged in this case. And even if it was contractually wrong to assess these fees, there is uncertainty about whether the Named Plaintiff's claims are subject to other defenses that might result in no or less recovery to Class Members. Even if the Named Plaintiff were to win at trial, there is no assurance

that the Class Members would be awarded more than the current settlement amount and it may take years of litigation before any payments would be made. By settling, the Class Members will avoid these and other risks and the delays associated with continued litigation.

While Defendant disputes the allegations in the lawsuit and denies any liability or wrongdoing, it enters into the settlement solely to avoid the expense, inconvenience, and distraction of further proceedings in the litigation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am part of the Settlement? |
|----|-----------------------------------------------|

If you received this notice, then Defendant's records indicate that you are a Class Member who is entitled to receive a payment or credit to your account.

## YOUR OPTIONS

| 5. | What options do I have with respect to the Settlement? |
|----|--------------------------------------------------------|

You have three options: (1) do nothing and you will receive a payment according to the terms of this settlement; (2) exclude yourself from the settlement ("opt out" of it); or (3) participate in the settlement but object to it. Each of these options is described in a separate section below.

| 6. | What are the critical deadlines? |
|----|----------------------------------|

There is no deadline to receive a payment.  If you do nothing, then you will get a payment.

The deadline for sending a letter to exclude yourself from or opt out of the settlement is _____.

The deadline to file an objection with the Court is also _____.

| 7. | How do I decide which option to choose? |
|----|-----------------------------------------|

If you do not like the settlement and you believe that you could receive more money by pursuing your claims on your own (with or without an attorney that you could hire) and you are comfortable with the risk that you might lose your case or get less than you would in this settlement, then you may want to consider opting out.

If you believe the settlement is unreasonable, unfair, or inadequate and the Court should reject the settlement, you can object to the settlement terms. The Court will decide if your objection is valid. If the Court agrees, then the settlement will not be approved and no payments will be made to you or any other Class Member. If your objection (and any other objection) is overruled, and the settlement is approved, then you will still get a payment.

If you want to participate in the settlement, then you don't have to do anything; you will receive a payment if the settlement is approved by the Court.

| 8. | What has to happen for the Settlement to be approved? |
|---|---|

The Court has to decide that the settlement is fair, reasonable, and adequate before the Court will approve it. The Court already has decided to provide preliminary approval of the settlement, which is why you received this Notice. The Court will make a final decision regarding the settlement at a "Fairness Hearing" or "Final Approval Hearing," which is currently scheduled for _____.

## THE SETTLEMENT PAYMENT

| 9. | How much is the Settlement? |
|---|---|

Defendant has agreed to create a Settlement Fund of $525,000.00. As discussed separately below, attorneys' fees, litigation costs, a service award fee and the costs paid to a third-party Settlement Administrator or other expert, to administer the settlement (including mailing and emailing this notice) will be paid out of the Settlement Fund. The balance of the Settlement Fund will be divided among all Class Members based on formulas described in the settlement agreement.

| 10. | How much of the settlement fund will be used to pay for attorney fees and costs? |
|---|---|

Class Counsel will request an attorney fee be awarded by the Court of not more than one-third of the Value of the Settlement. Class Counsel has also requested that it be reimbursed approximately $_____ in litigation costs incurred in prosecuting the case. The Court will decide the amount of the attorneys' fees and costs.

| 11. | How much of the settlement fund will be used to pay the Named Plaintiff a Service Award? |
|---|---|

Class Counsel will request that the Named Plaintiff be paid a service award in the amount of $7,500 for his work in connection with this case. The service award must be approved by the Court.

| 12. | How much of the settlement fund will be used to pay the Settlement Administrator's expenses? |
|---|---|

The Settlement Administrator has agreed to cap its expenses at $31,000, and an expert to determine class member payments will cost no more than $10,000.

| 13. | How much will my payment be? |
|---|---|

The balance of the Settlement Fund after attorneys' fees and costs, the service award and the Settlement Administrator's fees will be divided among all Class Members in accordance with the formulas outlined in the settlement agreement. Current members of Defendant will receive a credit to their accounts for the amount they are entitled to receive, less any outstanding offsets. Former members of Defendant shall receive a check from the Settlement Administrator.

| 14. | Do I have to do anything if I want to participate in the Settlement? |
|---|---|

No. If you received this Notice, then you will be entitled to receive a payment without having to make a claim, unless you choose to exclude yourself from the settlement, or "opt out."

| **15.    When will I receive my payment?** |
| :--- |

The Court will hold a Fairness Hearing on _____, at _____ to consider whether the settlement should be approved. If the Court approves the settlement, then payments should be made or credits should be issued within about 40 to 60 days after the settlement is approved. However, if someone objects to the settlement, and the objection is sustained, then there is no settlement. Even if all objections are overruled and the Court approves the settlement, an objector could appeal, and it might take months or even years to have the appeal resolved, which would delay any payment.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **16.    How do I exclude myself from the settlement?** |
| :--- |

If you do not want to receive a payment, or if you want to keep any right you may have to sue Defendant for the claims alleged in this lawsuit, then you must exclude yourself, or "opt out."

To opt out, you **must** send a letter to the Settlement Administrator that you want to be excluded. Your letter can simply say "I hereby elect to be excluded from the settlement in the *Leon Chambers v. Together Credit Union f/k/a Anheuser-Busch Employees' Credit Union d/b/a American Eagle Credit Union* class action." Be sure to include your name, the last four digits of your account number(s) or former account number(s), address, telephone number, and email address. Your exclusion or opt out request must be postmarked by _____, and sent to:

*Leon Chambers v. Together Credit Union f/k/a Anheuser-Busch*
*Employees' Credit Union d/b/a American Eagle Credit Union*
Attn:
ADDRESS OF THE SETTLEMENT ADMINISTRATOR

| **17.    What happens if I opt out of the settlement?** |
| :--- |

If you opt out of the settlement, you will preserve and not give up any of your rights to sue Defendant for the claims alleged in this case. However, you will not be entitled to receive a payment from this settlement.

| **18.    If I exclude myself, can I obtain a payment?** |
| :--- |

No. If you exclude yourself, you will not be entitled to a payment.

## OBJECTING TO THE SETTLEMENT

| **19.    How do I notify the Court that I do not like the settlement?** |
| :--- |

You can object to the settlement or any part of it that you do not like **IF** you do not exclude yourself, or opt out, from the settlement. (Class Members who exclude themselves from the settlement have no right to object to how other Class Members are treated.) To object, you **must** send a written document to the Settlement Administrator at the address below. Your objection should say that you are a Class Member, that you object to the settlement, and the factual and legal reasons why you object, and whether you intend to appear at the hearing. In your objection, you

5

must include your name, address, telephone number, email address (if applicable) and your signature.

All objections must be post-marked <u>no later</u> than _____, and must be mailed to the Settlement Administrator as follows:

| SETTLEMENT ADMINSTRATOR |
| :---: |
| *Leon Chambers v. Together Credit Union f/k/a Anheuser-Busch Employees' Credit Union d/b/a American Eagle Credit Union* |
| Attn: |
| ADDRESS OF THE SETTLEMENT ADMINISTRATOR |

| **20.** | **What is the difference between objecting and requesting exclusion from the settlement?** |
| :---: | :--- |

Objecting is telling the Court that you do not believe the settlement is fair, reasonable, and adequate for the class, and asking the Court to reject it. You can object only if you do not opt out of the settlement. If you object to the settlement and do not opt out, then you are entitled to a payment if the settlement is approved, but you will release claims you might have against Defendant. Excluding yourself or opting out is telling the Court that you do not want to be part of the settlement, and do not want to receive a payment or release claims you might have against Defendant for the claims alleged in this lawsuit.

| **21.** | **What happens if I object to the settlement?** |
| :---: | :--- |

If the Court sustains your objection, or the objection of any other Class Member, then there is no settlement. If you object, but the Court overrules your objection and any other objection(s), then you will be part of the settlement.

### THE COURT'S FAIRNESS HEARING

| **22.** | **When and where will the Court decide whether to approve the settlement?** |
| :---: | :--- |

The Court will hold a Final Approval or Fairness Hearing at ___ on _____, 2021 at the District Court for the Southern District of Illinois, which is located at 301 W. Main St., Benton, IL 62812. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court may also decide how much to award Class Counsel for attorneys' fees and expenses. If the hearing is held by telephone or videoconference, that information will be uploaded to the settlement website.

| 23. | Do I have to come to the hearing? |
|---|---|

No. Class Counsel will answer any questions the Court may have. You may attend if you desire to do so. If you have submitted an objection, then you may want to attend.

| 24. | May I speak at the hearing? |
|---|---|

If you have objected, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection, described in Question 19, above, the statement, "I hereby give notice that I intend to appear at the Final Approval Hearing."

## THE LAWYERS REPRESENTING YOU

| 25. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the lawyers and their law firms referred to in this notice as "Class Counsel" will represent you and the other Class Members.

| 26. | Do I have to pay the lawyer for accomplishing this result? |
|---|---|

No. Class Counsel will be paid directly from the Settlement Fund.

| 27. | Who determines what the attorneys' fees will be? |
|---|---|

The Court will be asked to approve the amount of attorneys' fees at the Fairness Hearing. Class Counsel will file an application for fees and costs and will specify the amount being sought as discussed above. You may review a physical copy of the fee application at the website established by the Settlement Administrator.

## **GETTING MORE INFORMATION**

This Notice only summarizes the proposed settlement. More details are contained in the settlement agreement, which can be viewed/obtained online at [WEBSITE].

For additional information about the settlement and/or to obtain copies of the settlement agreement, or to change your address for purposes of receiving a payment, you should contact the Settlement Administrator as follows:

Leon Chambers v. Together Credit Union f/k/a Anheuser-Busch Employees' Credit Union d/b/a American Eagle Credit Union Settlement Administrator
Attn:
[COMPLETE]
For more information you also can contact the Class Counsel as follows:

J. Gerard Stranch, IV
Martin F. Schubert
Branstetter, Stranch and Jennings, PLLC
223 Rosa L Parks Blvd.
Suite 200
Nashville, TN 37203
(615) 254-8801
gerards@bsjfirm.com
martys@bsjfirm.com

Lynn A. Toops
Vess A. Miller
Cohen & Malad, LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204
317-636-6481
Fax: 317-636-2593
vmiller@cohenandmalad.com
ltoops@cohenandmalad.com

*PLEASE DO NOT CONTACT THE COURT OR ANY REPRESENTATIVE OF DEFENDANT CONCERNING THIS NOTICE OR THE SETTLEMENT.*

# Exhibit 2

### COURT ORDERED NOTICE OF CLASS ACTION SETTLEMENT

You may be a potential class member of the settlement class in *Leon Chambers v. Together Credit Union f/k/a Anheuser-Busch Employees' Credit Union d/b/a American Eagle Credit Union,* in which the plaintiff alleges that defendant incorrectly assessed insufficient funds fees between January 2, 2015 through August 1, 2019. If you are a Settlement Class Member and if the Settlement is approved, you may be entitled to receive a cash payment from the $525,000.00 fund established by the Settlement.

The Court has preliminarily approved this settlement. It will hold a Final Approval Hearing in this case on [**PARTIES TO INSERT DATE**]. At that hearing, the Court will consider whether to grant final approval of the settlement, and whether to approve payment from the Settlement Fund of up to $7,500 in a service award to the named plaintiff, up to one-third of the Settlement Fund as attorneys' fees, and reimbursement of costs to the attorneys and the Settlement Administrator or other experts who assist in the distribution of the settlement. If the Court grants final approval of the settlement and you do not request to be excluded from the settlement, you will release your right to bring any claim covered by the Settlement. In exchange, Defendant has agreed to issue a credit to your account if you are a current member of the credit union or a payment by check to you if you are no longer a member of the credit union.

**To obtain a long form class notice and other important documents please visit [PARTIES TO PROVIDE WEBSITE ADDRESS].  Alternatively, you may call [INSERT PHONE #].**

*If you do not want to participate in this settlement—you do not want to receive a credit or cash payment and you do not want to be bound by any judgment entered in this case—you may exclude yourself by submitting an opt-out request postmarked no later than [PARTIES TO INSERT DATE].  If you want to object to this settlement because you think it is not fair, adequate, or reasonable, you may object by submitting an objection postmarked no later than [PARTIES TO INSERT DATE].  You may learn more about the opt-out and objection procedures by visiting [PARTIES TO PROVIDE WEBSITE ADDRESS] or by calling [Insert Phone #].*