IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEON CHAMBERS, on behalf of himself and all others similarly situated,** | |
| Plaintiff, | |
| v. | Case No. 19-CV-00842-SPM |
| **TOGETHER CREDIT UNION,** | |
| Defendants. | |

# ORDER AWARDING ATTORNEY FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD

**McGLYNN, District Judge:**

Pending before the Court is Plaintiff's Motion for Approval of Attorneys' Fees, Expenses, and Service Award (Doc. 77). As discussed below, the Court finds that the motion is **GRANTED**.

## BACKGROUND

Plaintiff Class Representative Leon Chambers filed this class action against Together Credit Union, formerly known as Anheuser-Busch Employees' Credit Union and doing business as American Eagle Credit Union ("Defendant") on August 2, 2019 (Doc. 1). After fully briefing a motion to dismiss and engaging in discovery, the parties reached a proposed class action Settlement (Doc. 73–1).[1] Under the terms of the Settlement, Defendant agreed to pay $525,000 into a Settlement Fund for the benefit of the Settlement Class and for payment of fees, expenses, and other Court-approved

---

[1] Capitalized terms in this Order have the meaning defined in the Settlement.

payments. Class Counsel reported that this amount represents nearly 60% of estimated damages that were determined by an expert who examined Defendant's records. The Court preliminarily approved the Settlement on February 3, 2021, certified a Settlement Class, directed notice to the Settlement Class, and set a final approval hearing to consider final approval of the Settlement and any application for attorneys' fees, expenses, and service awards from the Settlement Fund before it is distributed to the Class Members (Doc. 76) ("Preliminary Approval Order").

As directed in the Preliminary Approval Order, fifteen days after notice was sent to the Settlement Class, Plaintiff filed the Motion for Approval of Attorneys' Fees, Expenses, and Service Award, which was posted to the Settlement website where Class Members could access it for free and choose whether to opt-out of, or object to, the Settlement before the deadline had passed. In conjunction with final approval, the Court heard argument on the motion.

## DISCUSSION

### I. Attorneys' Fees

Class Counsel seeks an award of attorneys' fees in the amount of one-third of the Settlement Fund, after deducting the costs of notice and administration, which amounts to a fee of $163,909.33. "[L]awyer[s] who recover[ ] a common fund . . . [are] entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *see also Sutton v. Bernard*, 504 F.3d 688, 691 (7th Cir. 2007). Rule 23(h) expressly authorizes the Court to "award reasonable attorney's fees" from a common fund in a class action case. Fed. R. Civ. P. 23(h).

"[W]hen deciding on appropriate fee levels in common-fund cases," courts "must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mktg. Litig. ("Synthroid I")*, 264 F.3d 712, 718 (7th Cir. 2001); *accord Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 635 (7th Cir. 2011) ("[T]he district court must try to assign fees that mimic a hypothetical *ex ante* bargain between the class and its attorneys."). "Although courts in this Circuit have the discretion to use either a percentage of the fund or lodestar methodology, *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 566 (7th Cir. 1994), the percentage method is employed by the vast majority of courts in the Seventh Circuit (like other Circuits)." *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079, at *7 (S.D. Ill. Dec. 16, 2018) (citation omitted); *c.f. Beesley v. Int'l Paper Co.*, No. 3:06-CV-703-DRH-CJP, 2014 WL 375432, at *2 (S.D. Ill. Jan. 31, 2014) ("When determining a reasonable fee, the Seventh Circuit Court of Appeals uses the percentage basis rather than a lodestar or other basis."). "[W]here, as here, the prevailing method of compensating lawyers for similar services is the contingent fee, then the contingent fee *is* the market rate." *Id.* (internal quotations omitted) (quoting *Kirchoff v. Flynn*, 786 F.2d 320, 324 (7th Cir. 1986) (emphasis in original)).

As numerous courts have recognized, "[t]he normal rate of compensation in the market [is] 33.33% of the common fund recovered' because the class action market commands contingency fee agreements and the class counsel accepts a substantial risk of nonpayment." *George v. Kraft Foods Global, Inc.*, No. 1:08-cv-3799, 2012 WL

13089487, at *2 (N.D. Ill. Jun. 26, 2012).² And a one-third fee is common throughout district courts in the Seventh Circuit. *See, e.g.*, *Hale*, 2018 WL 6606079, at *10 ("Courts within the Seventh Circuit, and elsewhere, regularly award percentages of 33.33% or higher to counsel in class action litigation."); *Gaskill v. Gordon*, 160 F.3d 361, 362–63 (7th Cir. 1998) (noting that typical contingency fees are between 33% and 40%) (citation omitted); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 500 (N.D. Ill. 2015) (recognizing that "courts in this circuit regularly allow attorneys to recoup one-third of the first $10 million of the class action settlement fund" and rejecting request by objecting class members to utilize the lodestar approach). This District is no exception and commonly awards a one-third fee in class action cases. *See, e.g.*, *Hale*, 2018 WL 6606079, at *9 (awarding fee one one-third of $250 million settlement); *Coleman v. Sentry Ins. a Mut. Co.*, No. 15-CV-1411-SMY-SCW, 2016 WL 6277593, at *3 (S.D. Ill. Oct. 27, 2016) (awarding one-third of the common fund and noting that "Class Counsel has shown the Court that they have routinely been awarded a contingent 33 1/3% (and in some cases more) of a Settlement Fund"); *City of Greenville v. Syngenta Crop Prot., Inc.*, 904 F. Supp. 2d 902, 909 (S.D. Ill. 2012) ("Where the market for legal services in a class action is only for contingency fee agreements . . . , 'the normal rate of compensation in the market' is '33.33% of the common fund recovered.'"); *Kitson v. Bank of Edwardsville*, No. 08-507, 2010 WL 331730, at *2 (S.D. Ill. Jan. 25, 2010) (awarding a one-third fee); *Will*, 2010 WL 4818174, at *3 (same).

---

² The percentage of the common fund that the fee makes up is calculated after deducting from the fund administrative costs of notice and settlement administration. *See Redman v. RadioShack Corp.*, 768 F.3d 622, 631 (7th Cir. 2014) (explaining that the relevant ratio is the fee versus the fee plus the settlement fund less administrative expenses).

The award of a reasonable fee also "is informed by a number of factors, including: (1) the actual agreements between the parties as well as fee agreements reached by sophisticated entities in the market for legal services; (2) the risk of non-payment at the outset of the case; (3) the caliber of Class Counsel's performance; and (5) information from other cases, including fees awarded in comparable cases." *Hale*, 2018 WL 6606079, at *8 (citing *Synthroid I*, 264 F.3d at 719).

The Court has approved the Settlement by separate order and now finds that attorneys' fees of one-third of the Settlement Fund (after deduction of costs of notice and administration) is appropriate and reasonable in this case. In addition to that amount being commonly awarded as the market rate, the relevant *Synthroid I* factors support the requested fee here: (1) the actual fee agreement between the Class Representative and Class Counsel called for attorneys' fees of one-third for recoveries before trial; (2) the risk of non-payment at the outset of the case was substantial as the matter was entirely contingent-fee based and there were significant risks and uncertainties of prevailing on the claims to achieve a recovery; (3) Class Counsel performed in a diligent and efficient manner to achieve a settlement that provides for a significant amount of alleged damages; and (4) Class Counsel has submitted a declaration showing that one-third of the settlement is the amount of fees that have been awarded in comparable cases, including to Class Counsel in comparable cases. *Id.*

## II.   Reimbursement of Litigation Expenses

In addition to fees, "[i]t is well established that counsel who create a common fund like this one are entitled to the reimbursement of litigation costs and expenses." *Hale*, 2018 WL 6606079, at *17 (citing *Beesley*, 2014 WL 375432, at *3 (citing *Boeing*,

444 U.S. at 478)); *see also* Fed. R. Civ. P. 23(h). These expenses "include[] such things as expert witness costs; computerized research; court reports; travel expense; copy, phone and facsimile expenses and mediation." *Id.* (citation omitted). Class Counsel has requested reimbursement of expenses of $2,322.37, which consists of ordinary litigation expenses, such as filing fees and deposition transcripts. Class Counsel advanced these expenses at the risk of not recovering them if the lawsuit was unsuccessful and therefore had incentive to ensure money was spent wisely and not frivolously. The Court finds that the requested expenses are reasonable.

### III. Class Representative Service Award

Finally, in recognition that a class representative has taken his own time and has achieved a settlement that benefits the many other absent class members, Plaintiff requests payment of a class representative service award of $7,500. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 2009). Such awards are common and consider the actions the plaintiff took in bringing the suit, the extent to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation. *Id.* In the Seventh Circuit, including in this District, class representative service awards of $10,000 to $25,000 or more are not uncommon. *See, e.g.*, *id.* (affirming $25,000 service award); *Hale*, 2018 WL 660679, at *15 ($25,000 service award); *Spano v. Boeing Co.*, No. 06-cv-743-NJR-DGW, 2016 WL 3791123, at *4 (Mar. 31, 2016) (awarding $25,000 to two representatives and $10,000 to a third representative); *Abbott v. Lockheed Martin Corp.*, No. 06-CV-701-MJR-DGW, 2015 WL 4398475, at *4 (S.D. Ill. July 17, 2015) (awarding $25,000); *Beesley*, 2014 WL 375432, at* 4 (awarding $15,000 and $25,000); *Will v. Gen. Dynamics Corp.*, No. CIV. 06-698-GPM, 2010 WL

4818174, at *4 (S.D. Ill. Nov. 22, 2010) ("Awards of $25,000 for each Plaintiff are well within the ranges that are typically awarded in comparable cases."); *Lively v. Dynegy, Inc.*, No. 05-CV-0063-MJR, 2008 WL 4657792 (S.D. Ill. Sept. 30, 2008) (awarding $10,000 to each of three representatives); *Morlan v. Universal Guar. Life Ins.*, No. Civ. 99-274-GPM, 2003 WL 22764868 (S.D. Ill. Nov. 20, 2003) (awarding $25,000, $20,000, $20,000 and $5,000 respectively to class representatives); *Spicer v. Chicago Board Options Ex., Inc.*, 844 F. Supp. 1226 (N.D. Ill. 1993) (collecting cases awarding incentive fees ranging from $5,000 to $100,000; awarding $10,000 each to named plaintiffs).

Here, without the Class Representative there would have been no recovery at all. Before and during the litigation and settlement, the Class Representative regularly consulted with Class Counsel in prosecuting the lawsuit, provided documents and information for the suit, and participated in the decision to accept the proposed settlement, overall taking his own valuable time to represent the interests of the Class, which ultimately resulted in the Settlement that is substantial and will benefit all Class Members. The Court finds that the requested class representative fee is reasonable.

## CONCLUSION

For these reasons, Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses, and Service Award is **GRANTED** in its entirety. It is **ORDERED** that the Class Counsel is awarded attorneys' fees from the Settlement Fund in the amount of $163,909.33, Class Counsel is awarded reimbursement of expenses from the Settlement fund in the amount of $2,322.37, the Class Representative is awarded a class representative service award from the Settlement Fund in the amount of $7,500,

and the Settlement Administrator is authorized and ordered to make these payments from the Settlement Fund in compliance with the terms of the Settlement Agreement. It is further **ORDERED** that the remainder of the Settlement Fund shall be distributed pursuant to the terms of the Settlement and further order of the Court.

**IT IS SO ORDERED.**

**DATED:   May 14, 2021**

*s/ Stephen P. McGlynn*  
**STEPHEN P. McGLYNN**  
**U.S. District Judge**
