IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEON CHAMBERS, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TOGETHER CREDIT UNION,**<br><br>**Defendants.** | Case No. 19-CV-00842-SPM |

# FINAL APPROVAL ORDER

**McGLYNN, District Judge:**

Pending before the Court is Plaintiff's Motion for Final Approval of Class Action Settlement. The Court conducted a Rule 23 final approval hearing on May 13, 2021. For the reasons stated herein and those stated on the record, the Court **GRANTS** the motion as follows:

WHEREAS, Plaintiff Leon Chambers and Defendant Together Credit Union, by their respective counsel, entered into the Settlement Agreement and Release ("Settlement") (Doc. 73-1); and

WHEREAS, the Settlement provides, in exchange for a release of Defendant, for Defendant to pay $525,000 into a Settlement Fund for the benefit of the Class; and

WHEREAS, the Plaintiff moved pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order preliminarily approving the proposed Settlement and approving the form and plan of notice and distribution set forth in the Settlement

Agreement; and

WHEREAS, on February 3, 2021, this Court entered a Memorandum and Order (Doc. 76) (the "Preliminary Approval Order"), which granted preliminary approval to the Settlement, determined the settlement was "fair, reasonable and adequate" on a preliminary basis, certified a settlement Class on a preliminary basis, directed notice of the Settlement be distributed to the members of the settlement Class, and set deadlines for Class members to object to or opt-out of the Settlement, and set a hearing to consider final approval; and

WHEREAS, in accordance with the Preliminary Approval Order the Settlement Administrator caused notice to be sent to the members of the Class informing them of the terms of the Settlement and their rights to opt out, object, or do nothing and participate in the Settlement; and

WHEREAS, no member of the Class objected to the Settlement and only two members (joint accountholders) opted out of the Settlement; and

WHEREAS, on May 13, 2021, this Court held a final approval hearing under Federal Rule of Civil Procedure 23(e) to consider whether the Settlement is fair, reasonable, and adequate and whether the Class can be certified for purposes of entering judgment on the Settlement; and

WHEREAS, based upon the foregoing, having heard the statements of Class Counsel and Counsel for Defendant, having considered all of the files, records, and proceedings in the Lawsuit, the benefits to the Class under the Settlement, and the risks, complexity, expense, and probable duration of further litigation, and being fully advised;

**THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement.

2. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over Plaintiff and Defendant in the above-captioned case (the "Parties").

**FINAL APPROVAL**

3. Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. In general, the approval process involves three stages: (1) notice of the settlement to the class after "preliminary approval" by the court; (2) an opportunity for class members to opt out of, or object to, the proposed settlement; and (3) a subsequent hearing at which the court grants "final approval" upon finding that the settlement is "fair, reasonable, and adequate," after which judgment is entered, class members receive the benefits of the settlement, and the defendant is released. Fed. R. Civ. P. 23(e)(1)–(2), (4)–(5).

4. The Preliminary Approval Order previously granted preliminary approval to the Settlement, notice has been issued, no member of the Class has timely objected, and only two members of the Class (joint accountholders) have timely requested to be excluded from the Settlement.

5. In deciding whether to grant final approval the Court evaluates two issues: (1) whether the Settlement is fair, reasonable, and adequate, considering the factors listed in Federal Rule of Civil Procedure 23(e)(2); and (2) whether Class can be certified under Federal Rule of Civil Procedure 23 for purposes of entering judgment on the settlement. Fed. R. Civ. P. 23(e).

### *The Settlement is fair, reasonable, and adequate.*

6. In making a determination of whether a proposed class action settlement is "fair, reasonable, and adequate," Federal Rule of Civil Procedure 23(e)(2) requires a court to consider whether (1) the class representatives and class counsel have adequately represented the class, (2) the proposal was negotiated at arm's length, (3) the proposal treats class members equitably relative to each other, and (4) the relief provided by the settlement is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class; (iii) the terms of any proposed award of attorney's fees; and (iv) any agreement required to be identified under Rule 23(e)(3). In addition, courts in the Seventh Circuit also consider: (5) the strength of the plaintiffs' case compared to the amount of the defendants' settlement offer; (6) the opinion of experienced counsel; and (7) the stage of the proceedings and the amount of discovery completed. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

7. In considering these factors, a court must bear in mind that "[f]ederal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996). Indeed, "[s]ettlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources." *Armstrong v. Bd. of Sch. Dir.'s of City of Milwaukee*, 616 F.2d 305, 313 (7th Cir. 1980), *overruled on other grounds Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

8. The Court finds that the relevant factors favor final approval.

9. First, the Class Representative and Class Counsel have adequately represented the Class by vigorously pursuing this litigation both through motion practice on the legal merits and through discovery of facts and potential damages. Fed. R. Civ. P. 23(e)(2)(A).

10. Second, the proposal was negotiated at arm's length by experienced counsel on both sides. Fed. R. Civ. P. 23(e)(2)(B).

11. Third, the proposal treats the Class members equitably to one another because the Net Settlement Fund will be divided pro rata based on the number of Multiple NSF Fees each member was charged, net of amounts owed by Class members to Defendant. Fed. R. Civ. P. 23(e)(2)(D).

12. Fourth, the relief provided for by the Settlement appears adequate, taking into account the relevant factors. The costs, risks, and delays of trial and appeal would have delayed any recovery for several years, and would have risked the Class recovering nothing had this Court or an appellate court ruled against them on the pending motion to dismiss, a motion for class certification, a motion for summary judgment, at trial, or on appeal from a final judgment. Fed. R. Civ. P. 23(e)(2)(C)(i). The method of distributing the Net Settlement Fund is by direct payment, which is the best and most effective method of ensuring Class members receive the funds they are due and requires no claims to be submitted. Fed. R. Civ. P. 23(e)(2)(C)(ii). Attorneys' fees are subject to Court approval, and the Court is entering a separate Order on fees. Fed. R. Civ. P. 23(e)(2)(C)(iii). And there are no side agreements under Rule 23(e)(3) to be considered. Fed. R. Civ. P. 23(e)(2)(C)(iv).

13. Fifth, while Plaintiff believes in the strength of the case, it was not

without risk, yet the amount of the Defendants' settlement offer is significant, estimated to be nearly 60% of the potential damages the Class would have obtained had they prevailed on every issue all the way through trial and appeal. *Synfuel Techs., Inc.*, 463 F.3d at 653.

14. Sixth, Class Counsel has submitted a Declaration showing they have experience litigating bank fee class actions across the country and that Class Counsel believes this Settlement represents a fantastic result for the Class.

15. Seventh, although the litigation was not nearing trial, Plaintiff had completed significant discovery and had fully briefed legal issues on a motion to dismiss to be able to fairly evaluate the risks and value of the case for purposes of achieving a fair settlement. *Id.*

16. For all of these reasons, the Court grants final approval because it finds that the Settlement is "fair, reasonable, and adequate."

*The Class meets the requirements for certification for purposes of entering judgment on the Settlement.*

17. In deciding whether a class can be certified for entry of judgment on a proposed settlement, a court evaluates whether the proposed class meets the four requirements of Rule 23(a) and any one of the requirements of the subsections of Rule 23(b), which in this case is subsection 23(b)(3). *See, e.g., Bell v. PNC Bank, N.A.*, 800 F.3d 360, 373 (7th Cir. 2015).

18. Under Rule 23(a), the proposed class must satisfy the four requirements of numerosity, commonality, typicality, and adequacy. *Id.* Numerosity is satisfied where joinder of all class members is impracticable and is generally met when there

are as few as 40 or more class members. *Cima v. WellPoint Health Networks, Inc.*, 250 F.R.D. 374, 378 (S.D. Ill. 2008) ("A class of more than 40 individuals raises a presumption that joinder is impracticable."). Commonality is met where there is at least a "single common question of law or fact" involved and where the class's claims "depend upon a common contention that is capable of class-wide resolution." *Bell*, 800 F.3d at 374. Typicality is met where "the named representatives' claims have the same essential characteristics as the claims of the class at large." *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009). And "[t]he adequacy requirement is satisfied when the named representatives have 'a sufficient interest in the outcome of the case to ensure vigorous advocacy' and '[do] not have interests antagonistic to those of the class.'" *Suchanek v. Sturm Foods, Inc.*, 311 F.R.D. 239, 256 (S.D. Ill. 2015) (quoting *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 480 (N.D.Ill.2009) *aff'd*, 606 F.3d 391 (7th Cir. 2010)).

19.     The requirements of Rule 23(b)(3) are satisfied if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R. Civ. P. 23(b)(3). The "predominance requirement is satisfied when common questions represent a significant aspect of a case and . . . can be resolved for all members of a class in a single adjudication." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012). And the superiority requirement is generally satisfied when a class action would aggregate many relatively small-value individual claims into one case. *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801-02 (7th Cir. 2012). Further,

in the context of a settlement, a court need not consider manageability issues that might make a class trial complicated because a settlement resolves all the claims without a trial. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial.").

20. Here, the Court finds that the requirements for certification under Rules 23(a) and 23(b)(3) are met.

21. The Class easily meets the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy. Numerosity is met because there are thousands of Class members. *Cima*, 250 F.R.D. at 378 ("A class of more than 40 individuals raises a presumption that joinder is impracticable."). Commonality is met because all Class members share the "common question of law or fact" and their claims "depend upon a common contention that is capable of class-wide resolution," namely whether Defendant's standard form customer contracts permitted it to uniformly assess Multiple NSF Fees. *Bell*, 800 F.3d at 374. Typicality is met because "the named representatives' claims have the same essential characteristics as the claims of the class at large" because, here, the Class Representative seeks to recover the same fees on the same theory as the Class members. *Muro*, 580 F.3d at 492. And similarly, "[t]he adequacy requirement is satisfied" because "the named representative[ ] ha[s] 'a sufficient interest in the outcome of the case to ensure vigorous advocacy' and '[does] not have interests antagonistic to those of the class.'" *Suchanek*, 311 F.R.D. at 256 (quoting *Saltzman*, 257 F.R.D. at 480 *aff'd*, 606 F.3d 391

(7th Cir. 2010)).

22. Finally, the "predominance" and "superiority" requirements of Rule 23(b)(3) are satisfied. Predominance is satisfied because "common questions represent a significant aspect of [this] case and . . . can be resolved for all members of a class in a single adjudication," as all of the claims depend on the issue of whether or not the Credit Union was permitted under its contract to charge the Class members Multiple NSF Fees. *Messner*, 669 F.3d at 815. And superiority is satisfied because a class settlement permits the relatively low-value claims ($29 per Multiple NSF Fee) to be adjudicated for thousands of Class members in one action without the need for the complexities of trial. *Butler*, 727 F.3d at 799; *Amchem Prods., Inc.*, 521 U.S. at 620. In addition, Defendant has stipulated for the purposes of settlement that the requirements of Rules 23(a) and 23(b)(3) are met.

23. Thus, the Court hereby certifies the following Class for purposes of final approval and judgment: All members of Defendant who were assessed Multiple NSF Fees.[1] Excluded from the Class are Miles E. and Celestine A. Murdock who submitted a timely request for exclusion.

24. The Court appoints Cohen & Malad, LLP; Branstetter, Stranch & Jennings, PLLC; Kaliel PLLC; The Johnson Firm; and Carey Danis & Lowe as Class Counsel for the Settlement Class; and appoints Plaintiff as Class Representative. Fed. R. Civ. P. 23(g).

---

[1] Multiple NSF Fees means "nonsufficient funds fees that were assessed and not refunded from January 2, 2015 to August 1, 2019 for ACH and check transactions that had been re-submitted by a merchant after being rejected for insufficient funds."

### *Benefits of the Settlement and Releases.*

25. The Settlement provides for certain benefits to Class Members. The Court approves those benefits and approves the distribution plan for the Settlement Fund set forth in the Settlement, and Class Counsel and the Settlement Administrator are authorized to implement that distribution after deductions for fees as approved by the Court by separate order.

26. The Court shall have continuing jurisdiction over the administration of the Settlement Fund.

27. Upon the Effective Date, except as to the rights and obligations provided for under the terms of the Settlement, Plaintiff, on behalf of himself and each of the Class Members, releases and forever discharges Defendant, and all of its past, present and future predecessors, successors, parents, subsidiaries, divisions, employees, affiliates, assigns, officers, directors, shareholders, representatives, attorneys, insurers and agents (collectively, the "Defendant Releasees") from any and all losses, fees, charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, which Named Plaintiff and the Class Members who do not opt out now have, own or hold against any of the Defendant Releasees that arise out of and/or relate to the facts and claims alleged in the Complaint, and any other claims relating to any Multiple NSF Fees assessed against said Class Members.

28. This Order is a final judgment because it disposes of all claims against all parties to this Lawsuit.

CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Final Approval of the Class Settlement (Doc. 81). This action and all released claims asserted in it are **DISMISSED with prejudice**. No other attorney fees or costs to any of the Parties will be awarded other than as provided for in the Settlement Agreement. The Settling Parties are **DIRECTED** to take the necessary steps to effectuate the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

**DATED:   May 14, 2021**

> s/ *Stephen P. McGlynn*
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**